Mr. J.H. Burnside, Director Arkansas Motor Vehicle Commission 1515 West Seventh Street Suite 300 Little Rock, AR 72201
Dear Mr. Burnside:
This is in response to your request for an opinion on the following question:
 Can the Arkansas Motor Vehicle Commission hold administrative hearings, require unlicensed persons to be present, and issue warnings or cease and desist orders that could later be used in a civil action to enjoin them from continuing such activities?
It is my opinion that the answer to this question is no. The authority of the Arkansas Motor Vehicle Commission ("Commission") with respect to unlicensed persons must be exercised through its power to seek injunctions to prevent violations of the Arkansas Motor Vehicle Commission Act. (Act 388 of 1975, codified at A.C.A. 23-112-101 et seq.). This power is found in Section 1 of Act 838 of 1977 (A.C.A. 23-112-104) which states:
 The Arkansas Motor Vehicle Commission shall be entitled to seek an injunction upon affidavit to prevent any person, firm, partnership, association, corporation or legal entity from violating any provision of the Arkansas Motor Vehicle Commission Act . . . or any rule or regulation promulgated by the Arkansas Motor Vehicle Commission.
The Emergency Clause contained in the 1977 Act should also be noted where it is stated:
 It is hereby found and determined by the General Assembly that the Arkansas Motor Vehicle Commission does not presently have adequate authority to compel compliance with the Arkansas Motor Vehicle Commission Act and Commission rules and regulations and that authority to seek injunctive relief against violations of the Act is necessary to the accomplishment of the Commission's statutory responsibility to license and regulate the new motor vehicle industry in this State. . . .
The legislature has therefore expressed its intent for the Commission to compel compliance through injunctive relief. [The Commission may also deny an application for a license, or suspend or revoke a license that has been granted. A.C.A. 23-112-308. And a willful failure to obtain a required license constitutes a class B misdemeanor. A.C.A. 23-112-301(c).] We cannot reasonably conclude in light of these provisions that the Commission's express powers necessarily include the power to compel the attendance of unlicensed persons at administrative hearings where cease and desist orders would be issued. The current statutory scheme belies that contention.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General